UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSE HOLBOROW, )<br>)<br>Petitioner, )<br>)<br>v )<br>)<br>RICHARD BIRKEY, Warden, )<br>)<br>Respondent. ) | Case No. 1:11-cv-01021-MMM |

**Order**

Before the Court is Jesse Holborow's ("Holborow") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Holborow's Petition for Writ of Habeas Corpus [#1] is DISMISSED with prejudice, and Respondent's Motion to Dismiss [#7] is GRANTED.

**Background**

In July 2004, Holborow was charged in the Circuit Court of Livingston County, Illinois, with home invasion, aggravated battery of a senior citizen, three counts of aggravated battery, theft, and criminal trespass to a vehicle. At a January 18, 2005 hearing, Holborow entered a negotiated plea of guilty to home invasion with great bodily harm to the victim, theft (subsequent offense), and criminal trespass to a vehicle. Holborow was sentenced to a term of imprisonment of sixteen years for home invasion,

1

three years for theft, and 364 days for criminal trespass to a vehicle, all to be served concurrently. On February 18, 2005, Holborow mailed a pro se Motion to Reduce Sentence to the Circuit Court of Livingston County. The Circuit Court denied the motion on March 4, 2005. Holborow did not appeal these convictions or sentences; however, pursuant to 725 ILCS 5/122-1, Holborow filed a pro se post-conviction petition on March 30, 2007. The Circuit Court denied the petition on April 5, 2007. Holborow appealed the denial of his post-conviction petition and the state appellate court affirmed on May 1, 2008. The Illinois Supreme Court granted Holborow's petition for leave to appeal, and affirmed his conviction on January 22, 2010. *People v. Holborow*, 892 N.E.2d 1 (Ill. App. Ct. 2008), *aff'd sub nom. People v. Morris*, 925 N.E.2d 1069 (2010). On January 21, 2011, Holborow filed a petition for Writ of Habeas Corpus pursuant to § 2254 claiming a due process violation in that he was never admonished that he would receive a three year mandatory supervised release term after his prison sentence. Respondent moved to dismiss the petition as time-barred. Holborow filed his response to the Respondent's Motion to Dismiss, and this Order follows.

## Discussion

I.  **Timeliness of § 2254 Petition**

Under 28 U.S.C. § 2244(d)(1), a one-year statute of limitations period is applied to § 2254 applications for writ of habeas corpus and runs from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Holborow does not allege any state created impediment to filing an application for habeas relief, a newly recognized and retroactively applicable constitutional right, nor a factual predicate discovered through the exercise of due diligence. Therefore, the one-year statute of limitations applied to § 2254 applications began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Court must, therefore, determine when Holborow's conviction became final.

After Holborow's January 18, 2005, sentencing and conviction, he had 30 days to file a timely appeal. *See* Ill. Sup. Ct. R. 606. Holborow made no direct appeal. One month later, on February 18, 2005, Holborow filed a Motion to Reduce Sentence, which was denied on March 4, 2005. He made no further appeal. Therefore, pursuant to § 2244(d)(1)(A), Holborow's conviction became final 30 days later on April 4, 2005, when the time for filing an appeal expired after his post-judgment motion was denied. *See* Ill. Sup. Ct. R. 606(b) ("A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely post-judgment motions"). The one-year statute of limitations thus began on this date, making the final date for Holborow to file his § 2254 petition April 4, 2006. *See U.S. ex rel. Harper v. Montgomery*, 690 F. Supp. 2d 708, 710 (N.D. Ill. 2010) (finding that petitioners have one year from the time a judgment becomes final, that is, when the time to file a direct appeal or withdraw a plea expires – to

3

file a petition for habeas corpus).

In "Petitioner's Motion of Response," he contends that his conviction did not become final until the Illinois State Supreme Court affirmed his post-conviction appeal on January 22, 2010, thus making his habeas petition fall within the one-year time frame. For the reasons stated above, Holborow is incorrect that this was the date on which his conviction became final. When Holborow failed to appeal the state court's denial of his Motion to Reduce Sentence, his conviction became final. *See Beshears v. Veach*, No. 07-2134, 2008 WL 427834, at *2 (C.D. Ill. Feb. 13, 2008) (finding that a state conviction became final after petitioner failed to withdraw his plea of guilty or move to reconsider the sentence). The statute of limitations for filing a § 2254 petition thus expired on April 4, 2006, well before Holborow filed his post-conviction petition on March 3, 2007.

## II.  Tolling of Statute of Limitations

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327 (2007). Although Holborow timely filed his post-conviction petition on March 30, 2007, the one-year statute of limitations had already expired, preventing the post-conviction proceedings from tolling the statute. 725 ILL. COMP. STAT. 5/122-1 (2011) ("If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction"). Therefore, Holborow's petition is untimely and should thus be dismissed, unless he can establish that the running of the statute has been subject to equitable tolling.

4

Holborow furthermore contends in his reply that equitable tolling applies to his petition to excuse his untimely filing of a § 2254 petition.[1] A "litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Holborow claims that he has both been pursuing his rights diligently and has had an extraordinary circumstance preventing him from making a timely filing. In support of his contention, Holborow claims in his reply that he had been delayed in filing a petition because he did not learn that his attorney was not "admitted to practice in this court" until November 2010, at which point he began the process of filing pro se. Simple attorney negligence is not a ground for equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010) ("a garden variety claim of excusable neglect" does not warrant equitable tolling); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"). Holborow furthermore contends that his limited access to law materials in the prison library was an extraordinary circumstance warranting equitable tolling. However, a prisoner's limited access to the prison law library is not grounds for equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Equitable tolling requires "extraordinary circumstances sufficient to warrant

---

[1] This court notes that even if equitable tolling was applicable under these facts, any new legal argument made by Holborow in his reply that was not alleged in his original habeas petition would be waived. See Zambrana v. United States, 790 F. Supp. 838, 843 (N.D. Ind. 1992) (finding that reply briefs should be limited to issues already raised). Holborow made no arguments in his § 2254 petition that he was entitled to equitable tolling as a result of extraordinary circumstances. Holborow is thus barred from raising this issue in his reply. Even if the Court were to allow the new arguments, Holborow's grounds for equitable tolling are neither sufficient nor timely. The Court will examine the issues of sufficiency and timeliness of Holborow's claim for equitable tolling for the sake of completeness.

equitable relief." *Holland v. Florida*, 130 S. Ct. 2549, 2564 (2010). Here, nearly a full year passed after post-conviction proceedings ended in state court before Holborow filed his habeas petition, and there is nothing in the record to indicate that he was diligent in keeping in contact with his lawyer during this year to monitor or advance the case forward. Circumstances beyond the petitioner's control must exist that would excuse an untimely petition. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005). *Compare Holland v. Florida*, 130 S. Ct. 2549 (2010) (declining to rule and remanding for further factual proceedings a habeas petition requesting equitable tolling where the attorney failed to file a timely petition, despite the petitioner's multiple letters requesting information and emphasizing the importance of timeliness as well as providing relevant law; failing to inform the petitioner that his state supreme court case had been decided; failure to communicate and respond to petitioner's multiple attempts; and repeated attempts by the petitioner to have his attorney removed from the case). Holborow did not sufficiently demonstrate diligence in the pursuit of his rights, nor an extraordinary circumstance that would warrant tolling.

     Regardless, Holborow is not entitled to rely on these events to pursue a claim of equitable tolling because the statute of limitations had already passed before he filed his post-conviction petition. Holborow incorrectly bases his argument for equitable tolling on the events and impediments following his post-conviction proceedings in the Illinois Supreme Court. Even if there were circumstances rendering his filing of a petition hindered during this time, Holborow had already lost his right to file a § 2254 petition when the statute of limitations expired in 2006. There is nothing to suggest that an

6

extraordinary impediment existed during the two years it took for Holborow to file for post-conviction relief. *See Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) (citing *Modrowski v. Mote,* 322 F.3d 965, 968 (7th Cir.2003)) ("'attorney misconduct, whether labeled negligent, grossly negligent, or willful, is attributable to the client' and thus is not a circumstance beyond a petitioner's control that might excuse an untimely petition"). Had this § 2254 petition been filed within the one-year limitation, the clock would have stopped and the limitation tolled. *See* 28 U.S.C. § 2244(d)(2). Holborow's ability to file for habeas relief was lost when he waited more than two years to file for relief. An untimely petition does not toll a statute of limitations. *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004). Therefore, under § 2244(d), Holborow has failed to timely file his petition for habeas corpus and it must be dismissed.

## III.    Certificate of Appealability

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11of the Rules Governing Section 2254 cases. 28 U.S.C. § 2253(c)(2) requires that in order to obtain a certificate of appealability, a petitioner must identify the "specific issues for which the applicant has made a substantial showing of a denial of a constitutional right." This showing includes a demonstration that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000). This Court has found a plain procedural bar requiring denial of Holborow's § 2254 petition. "Where a plain procedural bar is present

and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."

*Id*. at 484.

The one-year statute of limitations imposed by §2244(d)(1) is the procedural bar that prevents Holborow's untimely habeas claim. No reasonable jurist could conclude otherwise. Accordingly, Holborow has not made a "substantial showing of a denial of a constitutional right," and this Court will not issue Holborow a certificate of appealability.

**Conclusion**

For the reasons set forth above, Holborow's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED with prejudice, and Respondent's Motion to Dismiss [#7] is GRANTED. The Court further declines to issue Petitioner Holborow a Certificate of Appealability.

ENTERED this 17th day of June, 2011.

                                                    s/ Michael M. Mihm

                                                      Michael M. Mihm
                                                      United States District Judge